IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TERRELL BARTEL ANTHONY MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV491 |
| | ) | |
| KYLE PRATT, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Terrell Bartel Anthony Miller, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and/or <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names two federal agents, K. Pratt and Agent Szentimaria, as Defendants, along with the "United States District Attorney for the Middle District of North Carolina." There is no "United States District Attorney," but it is clear from the Complaint overall that Plaintiff means to name the United States Attorney in this District or some of his staff.

According to the Complaint, Defendants Pratt and Szentimaria and local law enforcement executed a search warrant on the residence of Roosevelt Williams on October 8, 2008. They discovered Williams, Plaintiff, and two women on the property. Plaintiff describes himself and the two women and non-residents of the property. After questioning, officers arrested Williams and Plaintiff, but released the two women. Plaintiff was then held in state custody until federal charges were brought. These charges led to Plaintiff being

1

convicted in this Court and sentenced to 115 months of imprisonment. However, Plaintiff prevailed on direct appeal, resulting in his release. He alleges that Defendants arrested, detained, convicted, and imprisoned him without evidence and despite William's statements that Plaintiff was innocent of any crime. He seeks compensatory and punitive damages.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable to this case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

2

suffice." Id.[1]  The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint.  Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

The Court first notes that Plaintiff seeks to raise a claim for damages against the United States Attorney or members of his office based on his prosecution in this Court. However, prosecutors have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993).  Plaintiff's claim against the United States Attorney or his staff fails for that reason alone.

Further, all of Plaintiff's claims are untimely.  The application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955).  The statute of limitations in this case is three years.  See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999) (stating

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

that the personal injury statute of the state where the alleged violation occurred is the appropriate statute of limitations in a <u>Bivens</u> action); <u>Brooks v. City of Winston Salem</u>, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." <u>Nasim</u>, 64 F.3d at 955. Here, the allegedly improper arrest occurred on October 8, 2008, or nearly seven years before Plaintiff filed this Complaint on June 19, 2015. Further, the last event alleged in the Complaint, the dismissal of Plaintiff's conviction in this Court, occurred on October 28, 2011, or more than three and a half years before he filed this Complaint.[2] Therefore, the Complaint is out of time and should be dismissed.

Finally, the Court notes that, even if Plaintiff's claims were somehow found to be timely, he could not prevail. Reduced to its essentials, the Complaint alleges that Defendants arrested, detained, and prosecuted Plaintiff without any evidence or justification. Plaintiff's own prior sworn statements in this Court absolutely refute any such allegation. Plaintiff was indicted on, and pled guilty to, a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). During his guilty plea, he was placed under oath (1:09CR272-2, Docket Entry 28 at 14) before agreeing to all the elements of that charge (<u>id.</u>

---

[2] The Complaint states that Plaintiff filed his appeal on that date and was released twenty-one months later. However, this is incorrect based on this Court's own records, of which it takes judicial notice. The record in Plaintiff's criminal case, <u>United States v. Miller</u>, 1:09CR272-2 (M.D.N.C.), clearly reflects that Plaintiff filed his notice of appeal on April 14, 2010, and that the appeal resulted in the dismissal of his case on October 28, 2011. Plaintiff cannot evade the statute of limitation simply by alleging facts contrary to the record in his criminal case.

at 26) and agreeing to the essential correctness of a factual basis which revealed that he possessed a shotgun after having obtained a felony conviction (id. at 44-45).[3] Given these facts, Defendants in no way violated his rights at the time they arrested and prosecuted him. The law later changed via the case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), so that Plaintiff's prior conviction no longer counted as a felony which would support his conviction in this Court. However, his arrest and prosecution were entirely proper under the law as it stood prior to Simmons. Plaintiff cannot state any claim for relief and his case should be dismissed for all of the reasons just set out.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $8.84. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $8.84.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of August,

---

[3] Plaintiff disagreed with certain details of the factual basis, but not the portions concerning his possession of the firearm or his prior felony conviction.

5

2015, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 10th day of July, 2015.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge